IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERSKINE D. SALTER,                    :

            Petitioner,               :
                                          CRIMINAL NO. 09-00024-WS-M
vs.                                   :   CIVIL NO. 10-00458-WS-M

UNITED STATES OF AMERICA,             :

            Respondent.               :


<u>REPORT AND RECOMMENDATION</u>

Pending before the Court is Petitioner's Motion to Vacate,

Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 34,

41), Petitioner's Memorandums in Support of his Motion to

Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

(Docs. 38, 39, 50), and Respondent's Opposition thereto.  (Doc.

45).  This action was referred to the undersigned Magistrate

Judge for report and recommendation pursuant to 28 U.S.C. §

636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases.[1]

---

[1] The Honorable Chief United States District Judge William H.
Steele presided over the guilty plea proceedings in this action
and imposed the challenged sentence.  On August 19, 2010, Chief
Judge Steele referred the matter to the undersigned Magistrate
Judge for entry of a Report and Recommendation.  The undersigned
has reviewed the Petitioner's motion and related documents, the
transcripts of the guilty plea hearing and sentencing hearing,
and all other relevant documents in the Court's file and has
fully familiarized himself with the proceedings before Chief
Judge Steele.  Based upon that review, the undersigned makes the
following report and recommendation.

It is now ready for consideration. Because the record is adequate to dispose of this matter, no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Docs. 34, 41) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Erskine D. Salter.

## I. BACKGROUND

On January 29, 2009, Petitioner was indicted for violating Title 21 U.S.C. § 846 and § 841(b)(1)(B), conspiracy to possess with intent to distribute over 500 grams of cocaine (Count One), and 21 U.S.C. § 841(a)(1), possession with intent to distribute approximately two kilograms of cocaine (Count Two). (Doc. 1). On or about March 4, 2009, William E. Scully, Jr. was appointed as counsel to represent Petitioner. (Doc. 10 at 1).

Pursuant to a plea agreement with the Government, Petitioner pled guilty on April 16, 2009, to Count One of the indictment charging a violation of 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine. (Doc. 18). The Government agreed not to bring any additional charges related to the facts underlying the indictment, to move to dismiss Count Two at sentencing, and to recommend that Petitioner be sentenced to the lower end of the sentencing guideline range as determined by the Court. (Id. at 5). However, the United States filed an

Enhancement Information with the Court because Petitioner had a previous felony drug offense, and thus he faced a statutory mandatory minimum sentence of ten years' imprisonment and a supervised release term of at least eight years. (Doc. 15).

At Petitioner's sentencing hearing conducted on August 19, 2009, Chief Judge Steele sentenced Petitioner to one hundred twenty months in prison, eight years of supervised release following his release from prison, and an assessment of one hundred dollars. (Doc. 31 at 2-5). The Court dismissed Count Two of the indictment, upon the motion of the United States. (Id.).

Petitioner did not file a notice of appeal. On August 19, 2010, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 34). On the same date, Petitioner filed a Motion for Extension of Time in which to file a memorandum in support of his § 2255 petition, and said motion was granted by this Court on September 1, 2010. (Docs. 33, 35). Petitioner was also ordered by this Court to re-file his motion to vacate on this Court's proper form, and he did so on December 22, 2010. (Docs. 35, 41). In his motion, Petitioner raises the following two claims: (1) Petitioner's counsel was ineffective for failing to raise jurisdiction issues and the issue of improper venue; and (2) Petitioner's counsel was ineffective for failing to challenge the sufficiency of the evidence as related

to the conspiracy charge. (Doc. 41 at 4). On October 22, 2010, Petitioner filed a Second Motion for Extension of Time for filing a memorandum in support of his § 2255 petition, and that motion was also granted by the Court on October 1, 2010. (Docs. 36, 37). Petitioner filed a Correction to his Memorandum in Support of his § 2255 Motion on December 2, 2010, and a Memorandum in Support of his § 2255 Motion on December 7, 2010. (Docs. 38, 39).

On March 17, 2011, Respondent filed a response in opposition to Petitioner's Motion to Vacate arguing that Petitioner's claims are without merit. (Doc. 45). On March 28, 2011, Petitioner filed a Motion for Extension of Time to file a response to Respondent's reply in opposition to Petitioner's § 2255 motion. (Doc. 46). This Court granted Petitioner's request on March 29, 2011. (Doc. 47). Petitioner filed a Reply to Respondent's Response, and a Memorandum in Support thereof, on April 22, 2011. (Docs. 49, 50). In his Memorandum, Petitioner asserts one additional claim: Petitioner's counsel was ineffective for failing to properly advise Petitioner of the nature of the mandatory minimum sentence he received under Title 21 U.S.C. § 846. (Doc. 50 at 17). The Court now considers each of Petitioner's claims in turn.

## II. DISCUSSION

Petitioner argues in his Motion to Vacate that he is entitled to habeas relief based on ineffective assistance of counsel at the guilty plea stage of his proceedings. Specifically, Petitioner claims that his counsel was ineffective at the guilty plea stage for failing to raise the issue of improper venue; for failing to challenge the sufficiency of the evidence as related to the conspiracy charge; and for failing to properly advise Petitioner of the nature of the mandatory minimum sentence he would receive under Title 21 U.S.C. § 846. (Doc. 41 at 4; Doc. 50 at 17).

In order to establish a claim of ineffective assistance of counsel, a petitioner is required to show (1) that his attorney's representation fell below "an objective standard of reasonableness" and (2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 (1984). "The petitioner bears the burden of proof on the 'performance' prong as well as the 'prejudice' prong of a Strickland claim, and both prongs must be proved to prevail." Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001), cert. denied sub nom. Johnson v. Nagle, 535 U.S. 926 (2002). The Strickland standard for evaluating claims of ineffective

assistance of counsel was held applicable to guilty pleas in

Hill v. Lockhart, 474 U.S. 52, 58 (1985).

> In this context, the first prong of
> Strickland requires the defendant to show
> his plea was not voluntary because he
> received advice from counsel that was not
> within the range of competence demanded of
> attorneys in criminal cases. See id. at
> 369-70. The second prong "focuses on
> whether counsel's constitutionally
> ineffective performance affected the outcome
> of the plea process," meaning the defendant
> must show "a reasonable probability that,
> but for counsel's errors," he would have
> entered a different plea. Id. at 370
> (stating the test in the context of an
> accepted guilty plea); see also Diaz v.
> United States, 930 F.2d 832, 835 (11th Cir.
> 1991) (applying the test to a rejected plea
> agreement).

Scott v. U.S., 325 Fed. Appx. 822, 824 (11th Cir. 2009)

(unpublished).[2]

Indeed, in the guilty-plea context, the Eleventh Circuit

has held that "'counsel owes a lesser duty to a client who

pleads guilty than to one who decides to go to trial, and in the

former case counsel need only provide his client with an

understanding of the law in relation to the facts, so that the

accused can make an informed and conscious choice between

---

[2] "Pursuant to Eleventh Circuit Rule 36-2, unpublished
opinions are not considered binding precedent, but may be cited
as persuasive authority." Lanier Constr., Inc. v. Carbone
Props. of Mobile, LLC, 253 Fed. Appx. 861, 865 n.5 (11th Cir.
2007) (unpublished).

accepting the prosecution's offer and going to trial.'" <u>Carter</u>
<u>v. United States</u>, 288 Fed. Appx. 648, 649 (11th Cir. 2008)
(quoting <u>Wofford v. Wainwright</u>, 748 F.2d 1505, 1508 (11th Cir.
1984)).[3]

Moreover, "[c]onclusory allegations of ineffective
assistance are insufficient." <u>Wilson v. United States</u>, 962 F.2d
996, 997 (11th Cir. 1992) (internal quotes omitted).
Furthermore, "it is axiomatic that the failure to raise
nonmeritorious issues does not constitute ineffective
assistance" of counsel. <u>Bolender v. Singletary</u>, 16 F.3d 1547,
1573 (11th Cir. 1994).

A.  <u>Petitioner's Guilty Plea</u>.

On April 16, 2009, Petitioner, represented by attorney
Scully, appeared in open court and entered a plea of guilty to
Count One of the indictment charging a violation of 21 U.S.C. §
846, conspiracy to possess with intent to distribute cocaine.
(Doc. 44).  During the hearing the Court determined that
Petitioner was twenty-two years of age, had completed one year
of college, and was not under the influence of any drug,
medication or alcoholic beverage of any kind.  (Doc. 44 at 5-6).

---

[3] Thus, "'the cases in which habeas petitioners can properly
prevail on the ground of ineffective assistance of counsel are
few and far between.'" <u>Johnson</u>, 256 F.3d at 1176 (citation
omitted).

Petitioner also stated under oath that he had read and understood the indictment in his case and was fully satisfied with the representation he had received from his attorney, Mr. Scully. (Id. at 6-7). Petitioner acknowledged that he had signed the written Plea Agreement, and that by signing it, he was acknowledging that he had read it and understood it and agreed with it. (Id. at 7-8).

During the hearing, the following was also stated:

> THE COURT: Have there been any promises made to you by anyone or has anyone attempted in any way to force you to plead guilty or to pressure you or threaten you in any way … Mr. Salter?
>
> DEFENDANT SALTER: No, sir.
>
> .....
>
> THE COURT: And for Mr. Salter, if convicted of Count One of the indictment, you could receive a – well, let me ask if the enhanced sentence provision, sentencing provisions, do they apply in this case?
>
> MR. SCULLY: They do, Judge. The Government has filed an information to that effect.
>
> THE COURT: All right. Mr. Salter, if convicted of Count One, you could receive a term of imprisonment of no less than 10 years up to life in prison, a fine not to exceed four million dollars, supervised release term up to eight years, and a mandatory special assessment of $100. Do you understand that?
>
> DEFENDANT SALTER: Sir, yes, sir.
>
> …..

THE COURT:  Well, Mr. Salter, you understand that if convicted in this case, that could affect any parole or supervised release or probation that you might have in another case that could be subject to revocation?

DEFENDANT SALTER: Yes, sir.

…..

THE COURT:  Now, the United States Sentencing Commission has issued guidelines for judges to consider in determining the sentence in a criminal case.  Have you and your attorney talked about how those guidelines might affect your case…Mr. Salter?

DEFENDANT SALTER: Yes, Sir.

THE COURT: The way in which the Sentencing Guidelines apply to your case might be affected by what you say to the Court and to the probation officer.  The Court will not be able to determine an appropriate sentence for your case until after a presentence report has been completed and you and the United States have had an opportunity to challenge the facts reported by the probation officer.  Do you understand that…Mr. Salter?

DEFENDANT SALTER: Yes, sir.

THE COURT:  The sentence imposed might be different from any estimate your attorney or anyone else might have given you.  Do you understand that…Mr. Salter?

DEFENDANT SALTER: Yes, sir.

THE COURT: After it has been determined what guideline applies to a case, the judge has the authority to impose a sentence that is more severe or less severe than the sentence called for in the Guidelines.  Do you understand that… Mr. Salter?

DEFENDANT SALTER: Yes, sir.

(Id. at 8-11). Petitioner testified that he understood that his sentence might be longer than any estimate given to him by his attorney, and that if the sentence is more severe, that he was still bound by his guilty plea. (Id. at 11-12). After being advised that Petitioner had "the right to plead not guilty to any offense charged against" him, Petitioner was advised the following:

> THE COURT: All right. And for Mr. Salter, the factual resume in your case has a statement of the elements of the offense charged in Count One of the indictment, which states a violation of Title 21, United States Code, Section 846.
>
> The elements of that offense are that two or more persons in some way or manner came to a mutual understanding to possess with intent to distribute cocaine; and that you knowingly and willfully became a member of such conspiracy.
>
> Do you understand that those are the elements of the offense to which you are pleading guilty?
>
> DEFENDANT SALTER: Sir, yes, sir.
>
> THE COURT: And do you fully understand that if there was a trial in this case, the United States would be required to present sufficient evidence to prove each of these essential elements beyond a reasonable doubt?
>
> DEFENDANT SALTER: Sir, yes, sir.
>
> THE COURT: Also included is a statement of offense conduct. Did you, in fact, commit the acts and do the things that you

have admitted to in this statement of offense conduct?

DEFENDANT SALTER:    Sir, yes, sir.

THE COURT:    Then I find that the facts and acts to which you have admitted support a violation of the charge contained in Count One of the indictment.  How do you now plead to that charge, guilty or not guilty?

DEFENDANT SALTER:    Guilty, sir.

(Id. at 13, 15-16).

"There is a strong presumption that the statements made during the [plea] colloquy are true."  United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994), cert. denied 513 U.S. 864 (1994).  "[W]hen a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false."  United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

B.    Ineffective Assistance of Counsel: Improper Venue.

In Claim One, Petitioner contends that his counsel was ineffective for failing to object to improper venue in his prosecution.  (Doc. 39 at 8-9).  Petitioner asserts that venue was improper because Respondent failed to prove "either of the essential elements of the alleged crime with respects to (1) whether an actual conspiracy ever existed; (2) that the Petitioner ever actually 'possessed' the alleged cocaine in the 'State of Alabama;' and (3) that there were (sic) ever any

factual 'intent' to 'distribute' the alleged cocaine in the 'State of Alabama.'" (Id.).

The Court notes that "[a] defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992) (citation omitted). This waiver includes claims of ineffective assistance of counsel that do not implicate the decision to plead guilty. Id.; see also Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) ("Smith's guilty plea was voluntary and knowingly made, [thus] he cannot now attack the ineffectiveness of his counsel in any respects other than as the alleged ineffectiveness bears upon counsel's faulty advice that coerced a guilty plea."), cert. denied sub nom. Smith v. McKaskle, 466 U.S. 906 (1984). As established by the record quoted extensively above, Petitioner's guilty plea was knowingly and voluntarily entered, and thus, he has waived this claim of ineffective assistance of counsel.[4]

---

[4] To determine that a guilty plea is knowing and voluntary, a district court must comply with Rule 11 and address its three core concerns: "ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea." United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (citation omitted). As set out above, the Court confirmed in (Continued)

Even if this claim of ineffective assistance had not been waived, "the general rule is that a guilty plea waives all non-jurisdictional challenges to a conviction." United States v. Smith, 532 F.3d 1125, 1127 (11th Cir. 2008) (citing United States v. Reynolds, 215 F.3d 1210, 1215 (11th Cir. 2000). Thus, when Petitioner signed his Plea Agreement and entered his guilty plea in open court, he waived any challenge he might have had to a claim of improper venue in this action, as venue is waived by a defendant when he enters his plea of guilt.[5] See United States

---

the detailed colloquy during the guilty plea hearing on April 16, 2009, that Petitioner understood the nature of the charges against him and understood the length of the sentence he would potentially receive. (Doc. 44). Petitioner's representations during the plea proceeding, along with those of his lawyer and the prosecutor, and the findings by the Court when accepting the plea, "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); see also Thompson v. Wainwright, 787 F.2d 1447, 1460 (11th Cir. 1986) ("'[T]he representations of the defendant [at a plea hearing] as well as any other findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings.'"), cert. denied sub nom. Thompson v. Dugger, 481 U.S. 1042 (1987). Indeed, "[t]here is a strong presumption that the statements made during the [plea] colloquy are true [,]" United States v. Medlock, 12 F.3d 185, 187 (11th Cir.), cert denied, 513 U.S. 864 (1994), and consequently, a defendant bears a "heavy burden" to show that his statements under oath were false, United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988) (citation omitted). In this case, it is clear from the plea colloquy that Petitioner's guilty plea was knowing and voluntary. (Doc. 44 at 4-16).

[5] Petitioner's "Factual Resume" states the following, in part, regarding Petitioner's offense:

(Continued)

13

v. Carpenter, 24 Fed. Appx. 899, 906 (10th Cir. 2001)

(unpublished) ("Unlike challenges to subject matter

jurisdiction, venue challenges in the criminal context, like

those in the civil context, are waiveable, and will be deemed

waived by a defendant who pleads guilty.") (citing United States

v. Calderon, 243 F.3d 587, 589 (2d Cir. 2001))(collecting cases

and explaining that "[v]enue is not jurisdictional" and is

waived by a "valid plea"), cert. denied, 533 U.S. 960 (2001);

United States v. Miller, 111 F.3d 747, 750 (10th Cir.1997) ("A

defendant can waive venue rights through inaction, such as

failing to object to venue during trial."); United States v.

Evans, 62 F.3d 1233, 1236 (9th Cir.1995) (noting how a

defendant's guilty plea waives the right to challenge venue).

---------------------

Defendant, ERSKINE D. SALTER, admits in open
court and under oath that the following
statement is true and correct and
constitutes evidence in this case.

That beginning on or about January 1, 2008
and continuing on or about September 29,
2008, in Mobile, Alabama, and elsewhere, the
defendant knowingly and willfully conspired
with other persons, both known and unknown
to the grand jury, to possess with intent to
distribute cocaine, a Schedule II controlled
substance.  The quantity of cocaine involved
in the conspiracy exceeded 500 grams.

(Doc. 18 at 8).

Furthermore, even if Petitioner could now challenge venue in this action, he has already admitted that venue was proper when he signed his Plea Agreement on April 16, 2009. (Doc. 18 at 7). Attached to the Plea Agreement is a Factual Resume which specifically states that Petitioner "knowingly and willfully conspired" in "Mobile, Alabama, and elsewhere." (Id. at 8). The Factual Resume, signed by Petitioner, documented that Petitioner, a resident of Mobile, Alabama, conspired in Mobile, Alabama, to possess with intent to distribute cocaine. (Id.). Evidence reflected that on August 12, 2008, Petitioner, while traveling from Alabama, through Louisiana to Texas, was pulled over by Louisiana law enforcement. (Id. at 9). Louisiana law enforcement searched Petitioner's vehicle, finding approximately $57,530.00 in cash, hidden in the passenger side rear quarter panel of the vehicle. (Id.). Additionally, K-9 drug dogs alerted law enforcement to the scent of illegal drugs in the vehicle's compartment where the currency was found. (Id.). Approximately one month later, on September 29, 2008, the same Louisiana law enforcement officer stopped Petitioner in Louisiana and discovered two kilograms of cocaine in Petitioner's vehicle. (Id. at 12).

Therefore, Petitioner has waived the claim of ineffective assistance of counsel for his attorney's failure to raise the issue of improper venue, and even if the Court were to consider

the claim, Petitioner has admitted venue, and thus, this claim is due to be denied.

    C.   <u>Ineffective Assistance of Counsel: Conspiracy</u>.

Next, in his Motion to Vacate, Petitioner claims that he is entitled to habeas relief based upon ineffective assistance of counsel for his attorney's failure to object to the sufficiency of the evidence of the conspiracy charge. (Doc. 41 at 4). At his guilty plea hearing, Petitioner in open court admitted to the actual conspiracy, as the Court detailed the elements of it as follows:

> THE COURT: All right. And for Mr. Salter, the factual resume in your case has a statement of the elements of the offense charged in Count One of the indictment, which states a violation of Title 21, United States Code, Section 846.
>
> The elements of that offense are that two or more persons in some way or manner came to a mutual understanding to possess with intent to distribute cocaine; and that you knowingly and willfully became a member of such conspiracy. Do you understand that those are the elements of the offense to which you are pleading guilty?
>
> DEFENDANT SALTER: Sir, yes, sir.

(Doc. 44 at 15-16). Additionally, Petitioner signed the Plea Agreement with the Factual Resume which states in more detail facts concerning the "conspiracy" which Petitioner now claims that his attorney was ineffective for failing to dispute. (Doc. 18). Petitioner, at the guilty plea hearing, assured the Court

that no one had threatened or pressured him to plead guilty, or in any way, forced him to plead guilty to the conspiracy charge. (Doc. 44 at 8).

"Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). "Petitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing." Bradshaw v. U.S., 2005 WL 1669036, *4 (M.D. Fla. 2005) (unpublished) (citing U.S. v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993)).

The Court finds that Petitioner was fully informed of the nature of the charges against him, and the consequences of a guilty plea to the conspiracy charge and that he voluntarily pled guilty to that charge. Petitioner cannot now seek to claim that his attorney was ineffective for failing to challenge sufficient evidence to which Petitioner willingly and openly pled guilty to in exchange for favorable treatment by the Government. "[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance" of counsel. Bolender v. Singletary, 16 F.3d 1547, 1573 (11th Cir. 1994). Rather, an attorney's performance may be found ineffective in the constitutional sense only if "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a

just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984).

Therefore, for the reasons above, Petitioner's second claim of ineffective assistance of counsel is also due to be denied.

    D.   <u>Ineffective Assistance of Counsel: Sentencing</u>.

Last, Petitioner claims that if he had been properly advised by his counsel, he would have chosen to go to trial, where Petitioner now believes he would have likely received a shorter sentence than that he received by pleading guilty. (Doc. 50 at 19).

Again, "[p]etitioner cannot circumvent the terms of his plea agreement merely because he does not like the outcome at sentencing." <u>Bradshaw v. U.S.</u>, 2005 WL 1669036, *4 (M.D. Fla. 2005) (unpublished) (citing <u>U.S. v. Bushert</u>, 997 F.2d 1343, 1350 (11th Cir. 1993)). "Conclusory allegations of ineffective assistance are insufficient." <u>Wilson v. United States</u>, 962 F.2d 996, 997 (11th Cir. 1992) (internal quotes omitted).

Now that Petitioner is unhappy with his sentence, he would have this Court believe that had he fully understood the charges, and fully understood the projected sentence, he would not have pled guilty to Count One but would have gone on to trial on Counts One and Two in this matter. However, just as before, the record belies Petitioner's claim, as just as he was advised by this very Court as to the elements of conspiracy, he

was also advised in open court regarding his potential sentence. The Court stated as follows:

> THE COURT: All right. Mr. Salter, if convicted of Count One, you could receive a term of imprisonment of no less than 10 years up to life in prison, a fine not to exceed four million dollars, supervised release term up to eight years, and a mandatory special assessment of $100.
>
> Do you understand that?
>
> DEFENDANT SALTER: Sir, yes, sir.

(Doc. 44 at 9). Petitioner also acknowledged to the Court that he understood that any sentence imposed might be *different* from any estimate given to him by his attorney. (Id. at 11). Moreover, in exchange for Petitioner's guilty plea on the conspiracy charge, the Government promised not to pursue additional charges, to move to dismiss the remaining charge, and to recommend that Petitioner be sentenced at the low end of the advisory guideline range, all of which was accomplished. (Doc. 18 at 5).

Petitioner has failed to show that counsel was deficient in advising him regarding potential sentencing guidelines, and that, but for counsel's errors, he would have entered a different plea. Furthermore, the Court advised Petitioner before he entered his plea of guilt as to the potential length of sentence as well. Therefore, Petitioner's last claim of ineffective assistance of counsel is also due to be denied.

<u>CERTIFICATE OF APPEALABILITY</u>

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a habeas petition is being denied, in part, on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Where a habeas petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should issue only when the petitioner demonstrates "that reasonable jurists would find the

district court's assessment of the constitutional claims
debatable or wrong." Id. ("To obtain a COA under § 2253(c), a
habeas prisoner must make a substantial showing of the denial of
a constitutional right, a demonstration that, under Barefoot [v.
Estelle, 463 U.S. 880, 893 (1983)], includes showing that
reasonable jurists could debate whether (or, for that matter,
agree that) the petition should have been resolved in a
different manner or that the issues presented were adequate to
deserve encouragement to proceed further.") (internal quotation
marks omitted); accord Miller-El v. Cockrell, 537 U.S. 322, 336
(2003).

        None of Petitioner's claims are such as would warrant the
issuance of a Certificate of Appealability.  The recommendation
that these claims be denied is based on the straightforward
application of clear Circuit precedent, and no reasonable jurist
could differ on the appropriate disposition of the claims on the
record presented.  It is thus recommended that the Court deny
any request for a Certificate of Appealability.

                            CONCLUSION

        For the foregoing reasons, it is recommended that
Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct
Sentence by a Person in Federal Custody (Docs. 34, 41) be
denied, that this action be dismissed, and that judgment be
entered in favor of Respondent, the United States of America,

                               21

and against Petitioner, Erskine D. Salter.  In addition, the

undersigned Magistrate Judge is of the opinion that Petitioner

is not entitled to issuance of a Certificate of Appealability.

It is so recommended.


**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.  *Objection*.  Any party who objects to this recommendation or
anything in it must, within fourteen (14) days of the date of
service of this document, file specific written objections with
the Clerk of this court.  Failure to  do so will bar a *de novo*
determination by the district judge of anything in the
recommendation and will bar an attack, on appeal, of the factual
findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C);
*Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v.
Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The
procedure for challenging the findings and recommendations of
the Magistrate Judge is set out in more detail in SD ALA LR 72.4
(June 1, 1997), which provides that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a 'Statement of Objection to Magistrate Judge's
> Recommendation' within ten days[15] after being served
> with a copy of the recommendation, unless a different
> time is established by order.  The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the
> basis for the objection.  The objecting party shall
> submit to the district judge, at the time of filing
> the objection, a brief setting forth the party's
> arguments that the magistrate judge's recommendation
> should be reviewed *de novo* and a different disposition
> made.  It is insufficient to submit only a copy of the
> original brief submitted to the magistrate judge,

---

[15] Effective December 1, 2009, the time for filing written
objections was extended to "14 days after being served with a
copy of the recommended disposition[.]"  <u>Fed. R. Civ. P.</u>
72(b)(2).

although a copy of the original brief may be submitted
or referred to and incorporated into the brief in
support of the objection.  Failure to submit a brief
in support of the objection may be deemed an
abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment
can be appealed.

2.    ***Transcript (applicable Where Proceedings Tape Recorded)***.
Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the
Magistrate Judge finds that the tapes and original records in
this case are adequate for purposes of review.  Any party
planning to object to this recommendation, but unable to pay the
fee for a transcript, is advised that a judicial determination
that transcription is necessary is required before the United
States will pay the cost of the transcript.


DONE this 1st day of September, 2011.


                              s/Bert W. Milling, Jr.
                              BERT W. MILLING, JR.
                              UNITED STATES MAGISTRATE JUDGE